

FILED
KENNETH J. MURPHY
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

03 NOV 25 PM 4:14

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | |
|---|---|
| JEFFREY EBERLE, ET AL., | |
| PLAINTIFFS, | |
| VS. | CASE NO. C2-03-272 |
| REGINALD WILKINSON, ET AL., | JUDGE FROST |
| DEFENDANTS. | MAGISTRATE JUDGE KING |

---

### PLAINTIFF BLANKENSHIP'S MOTION FOR SUMMARY JUDGMENT ON CLAIM OF INVOLUNTARY SERVITUDE.

---

DARRYL BLANKENSHIP #295-771
SOUTHERN OHIO CORR. FACILITY
P.O. BOX 45699
LUCASVILLE, OHIO 45699

PLAINTIFF, PRO SE

ROBERT C. ANGELL
ASSIST. OHIO ATTY. GENERAL
150 EAST GAY STREET, 16TH FLOOR
COLUMBUS, OHIO 43215

COUNSEL FOR DEFENDANTS

part that "... the Department [of Corrections] is not required to engage every eligible prisoner in a work program..."

Defendants will obviously respond that Ohio law does entitle them to engage in prison labor. Plaintiff does not deny this. Plaintiff only contest any allegation by defendants that they may force any and all inmates into labor. Defendants are free to compel any inmate to work who was sentenced to labor, and are free to engage any inmate in labor who voluntarily consents to same or who voices no objection. Defendants are <u>not</u> free, however, to compel an inmate into forced labor who was not sentenced to labor and who does not consent to same. <u>Watson v. Graves</u>, 909 F.2d 1549, 1552.

The Ohio legislators made it clear that county or regional inmates may only be compelled to perform prison labor if those inmates were specifically sentenced to labor. See Ohio Revised Code Sections 5147.17 ; 5147.18 ; 5147.19 ; and 5147.20. Thus, we can presume that the legislative intent is that no inmate may be compelled to engage in labor against his will and without his consent, unless that inmate was sentenced to labor.

<u>GROUND THREE</u>: Plaintiff Blankenship was not sentenced to labor (see attached Exhibit A, at paragraph 5 ), and as such, retains his Thirteenth Amendment right to be free from involuntary servitude. <u>Watson v. Graves</u> (1990), 909 F.2d 1549, 1552.

Ohio Criminal Rule 32(c) regarding sentence and judgment, provides that:

> "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence... The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

The Plaintiffs judgment of conviction entry (attached to

TERM OF LABOR AS A SANCTION AS PUNISHMENT FOR THE OFFENSE. A COURT SPEAKS ONLY THROUGH ITS JOURNAL, AND A JUDGMENT (SENTENCE) "IS EFFECTIVE ONLY WHEN ENTERED ON THE JOURNAL BY THE CLERK," OHIO CRIMINAL RULE 32 (c).

GROUND FOUR: OHIO REVISED CODE SECTION 2901.04 (A) SPECIFICALLY MANDATES THAT:

> "SECTIONS OF THE REVISED CODE DEFINING OFFENSES OR PENALTIES SHALL BE STRICTLY CONSTRUED AGAINST THE STATE, AND LIBERALLY CONSTRUED IN FAVOR OF THE ACCUSED."

THUS, AS PLAINTIFF BLANKENSHIPS JUDGMENT OF CONVICTION ENTRY IS SILENT AS TO A SENTENCE OF LABOR, THIS COURT IS REQUIRED BY R.C. 2901.04 (A) TO FIND THAT PLAINTIFF WAS NOT SENTENCED TO LABOR, AND THAT HE RETAINS HIS OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS TO BE FREE FROM INVOLUNTARY SERVITUDE.

## CONCLUSION

FOR THE FOREGOING REASONS THIS COURT SHOULD GRANT PLAINTIFF BLANKENSHIP SUMMARY JUDGMENT ON HIS CLAIMS OF INVOLUNTARY SERVITUDE, AND SHOULD AWARD PLAINTIFF BLANKENSHIP THE DAMAGE AWARD OF FOUR THOUSAND, SEVEN HUNDRED AND FORTY DOLLARS ($4,740.⁰⁰) FOR THE 237 DAYS HE REMAINED IN SEGREGATION ON THE FIRST REFUSING TO WORK CONVICTION (COMPLAINT PAGE 56, AT PARAGRAPH 12); AND THE DAMAGE AWARD OF FIVE THOUSAND, SEVEN HUNDRED AND TWENTY DOLLARS ($5,720.⁰⁰) FOR THE 286 DAYS HE REMAINED IN SEGREGATION (DECEMBER 6, 2002 THROUGH SEPTEMBER 18, 2003) ON THE SECOND REFUSING TO WORK CONVICTION (COMPLAINT PAGE 57, AT PARAGRAPH 14). FOR A TOTAL MONETARY AWARD OF TEN THOUSAND, ONE HUNDRED

### DECLARATION OF DARRYL BLANKENSHIP

STATE OF OHIO  
COUNTY OF SCIOTO  } SS:

Now comes Darryl Blankenship, who having first been advised as to the penalties of perjury, and does hereby state:

1. I am a plaintiff in the matter of <u>Eberle et al., v. Wilkinson et al.</u>, Case No. C2-03 272, United States District Court, Columbus, Ohio.

2. That I have read the foregoing "Plaintiff Blankenship's Motion for Summary Judgment on Claims of Involuntary Servitude" in the above-captioned matter, and certify that the statements and claims raised therein are true and correct to the best of my knowledge and ability.

3. That on May 20, 1994, I was convicted and sentenced on three (3) counts of having weapons under disability, with prior felony and firearm specifications, in the matter of <u>State of Ohio v. Darryl Blankenship</u>, Case No. CR93 10-0728, Butler County, Ohio (see attached Appendix #1 - Judgment of Conviction Entry).

4. That the attached Judgment of Conviction Entry is an accurate and genuine copy of the document on file with the sentencing court.

5. That I was not sentenced to a term of labor, as demonstrated by the attached Judgment of Conviction Entry.

6. Under penalty of perjury and pursuant to 28 U.S.C. 1746, I certify the foregoing is true and correct. Executed on this 23rd day of November, 2003.

Respectfully,

*/s/ Darryl Blankenship*  
DARRYL BLANKENSHIP

(PLAINTIFF'S EXHIBIT A)

FROM : BUTLER COUNTY RECORDS CENTER    FAX NO. : 5139873527    Jul. 15 2002 10:26AM P2

PRIORITY

STATE OF OHIO

Plaintiff

vs.

DARRYL J. BLANKENSHIP

Defendant

FILED
'94 MAY 23 AM 11:44
T. MARK BADEN
CLERK OF COURTS
in Common Pleas
BUTLER COUNTY OHIO
MAY 23 1994
T. MARK BADEN
CLERK OF COURTS

CASE NO. CR93-10-0728

STATE OF OHIO
COUNTY OF BUTLER
COURT OF COMMON PLEAS

JUDGMENT OF CONVICTION ENTRY
(A Final Appealable Order)

: : : : : :

This 20th day of May, 1994, the defendant came before the Court, personally and with his counsel, Richard N. Koehler II, and the charges, plea and verdicts being as set forth in the previous Entry of this Court which are expressly included herein by reference, and the defendant being informed by the Court of the Jury's Verdicts by which he stands convicted of Having Weapons While Under Disability, three counts as charged in each of Counts One, Two and Three, contrary to R.C. 2923.13(A)(2), with Firearm Specification under R.C. 2929.71(A) as to each of Counts One, Two and Three, as charged in the Indictment, and the Court pursuant to election of the defendant and under R.C. 2941.143 having made additional findings that the defendant is guilty as charged in the Specifications to Counts One, Two and Three in the Indictment that he was previously convicted of an Offense of Violence, as set forth by Entry also filed herein and incorporated by reference, the Court afforded counsel an opportunity to speak on behalf of the defendant, and the Court addressed the defendant personally and asked if the defendant wished to make a statement in his own behalf or present any information in mitigation of punishment, and nothing being shown as to why sentence should not now be pronounced, the Court having thoroughly considered the applicable statutory criteria set forth in R.C. 2929.11 et seq.,

It is ORDERED that the defendant is sentenced to be imprisoned and delivered to the custody of the Ohio Department of Corrections and Rehabilitation for a minimum term of three (3) years and a maximum term of five (5) years, and pay the costs of prosecution, as to Count One of the Indictment.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

J367 P 505

PLAINTIFFS
EXHIBIT A
APPENDIX #1

POM : BUTLER COUNTY RECORDS CENTER    FAX NO. : 5139873577    Jul. 15 2002 10:27AM P3

It is FURTHER ORDERED that the defendant is sentenced to be imprisoned and delivered to the custody of the Ohio Department of Corrections and Rehabilitation, as to the Firearm Specification to Count One as contained in the Indictment, for an additional term of actual Incarceration of three (3) full years, which term of imprisonment shall be served prior to and consecutively with the foregoing indefinite sentence imposed above for Count One.

It is FURTHER ORDERED that the defendant is sentenced to be imprisoned and delivered to the custody of the Ohio Department of Corrections and Rehabilitation for a minimum term of three (3) years and a maximum term of five (5) years, and pay the costs of prosecution, as to Count Two of the Indictment. Said sentence imposed in Count Two is to run consecutively with the sentence imposed in Count One, and consecutively with the term imposed as to the Specification to Count One.

It is FURTHER ORDERED that the defendant is sentenced to be imprisoned and delivered to the custody of the Ohio Department of Corrections and Rehabilitation, as to the Firearm Specification to Count Two as contained in the Indictment, for an additional term of actual incarceration of three (3) full years, which term of imprisonment shall be served prior to and consecutively with the foregoing indefinite sentences imposed above for Counts One and Two, and consecutively with the term imposed as to the Specification to Count One.

It is FURTHER ORDERED that the defendant is sentenced to be imprisoned and delivered to the custody of the Ohio Department of Corrections and Rehabilitation for a minimum term of three (3) years and a maximum term of five (5) years, and pay the costs of prosecution, as to Count Three of the

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1367P  506

Case No. CR93-10-0728
Page 3 of 3

Indictment. Said sentence imposed in Count Three is to run consecutively with the sentences imposed in Counts One and Two, and consecutively with the terms imposed as to the Specifications to Counts One and Two.

It is FURTHER ORDERED that the defendant is sentenced to be imprisoned and delivered to the custody of the Ohio Department of Corrections and Rehabilitation, as to the Specification to Count Three as contained in the Indictment, for an additional term of actual incarceration of three (3) full years, which term of imprisonment shall be served prior to and consecutively with the foregoing indefinite sentences imposed above for Counts One, Two, and Three, and consecutively with the terms imposed as to the Specifications to Counts One and Two.

It is FURTHER ORDERED that the defendant shall receive credit for one hundred forty-three (143) days served while awaiting trial in the Butler County Jail as against the foregoing sentence.

Defendant was advised by the Court of his rights of appeal pursuant to Crim.R. 32(A)(2), and upon defendant's request the Court forthwith appointed Richard N. Koehler II to act as counsel on behalf of defendant for purposes of filing a timely notice of appeal and representation until further order of the Court regarding appointment of counsel.

ENTER

FILED In Common Pleas Court
BUTLER COUNTY  OHIO

MAY 23 1994

JUDGE ANTHONY VALEN

Approved as to form:   T. MARK BADEN
JOHN F. HOLCOMB       CLERK OF COURTS
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1367 P 502

## MEMORANDUM

Now comes Plaintiff, Darryl Blankenship, Pro Se, and pursuant to Federal Rule of Civil Procedure 56, and respectfully moves this Court to grant summary judgment in favor of Plaintiff on his claims of involuntary servitude (Complaint page 38, at paragraph 76b; Complaint page 39, at paragraph 79b; Complaint page 43-44, at paragraph 92; Complaint page 44, at paragraph 93b). For the following reasons Plaintiff is entitled to summary judgment on his claims of involuntary servitude.

**GROUND ONE:** Article I Section 6 of the Ohio Constitution, and the Thirteenth Amendment to the United States Constitution, both prohibit involuntary servitude, unless for the punishment of crime.

Involuntary servitude is defined as "an action by the master [prison authority] causing the servant [inmate] to have, or to believe he has, no way to avoid continued service or confinement." WATSON v. GRAVES (1990), 909 F.2d 1549, 1552, citing U.S. v. SHACKNEY (1964), 333 F.2d 475, 486.

At least one court has held that, a prisoner who is not sentenced to labor retains his Thirteenth Amendment rights. WATSON v. GRAVES (1990), 909 F.2d 1549, 1552. The Plaintiff herein was not sentenced to labor, and thus, may not be subjected to involuntary servitude. (See attached Exhibit A - sworn declaration of Plaintiff Blankenship at paragraph 5, and copy of his "Judgment of Conviction Entry" attached thereto).

**GROUND TWO:** No Ohio law requires a state inmate to engage in prison labor against his will and without his consent. In fact, Ohio Revised Code Section 5145.16(A) provides in pertinent

-1-

Exhibit A hereto) does NOT include a term of labor in plaintiffs sentence. Pursuant to Ohio Criminal Rule 32(c) above, "... a judgment is effective ONLY when entered on the journal by the clerk."

A court of record speaks only through its journal — not by oral pronouncement, written minute, or memorandum. Final judgment in a criminal case means the sentence. The sentence is the judgment. STATE v. CHAMBERLAIN (1964), 177 Ohio St. 104, 202 NE2d 695. In this instant action, Plaintiff Blankenship was not sentenced to labor, and defendants violate the 13th and 14th Amendments to the U.S. Constitution where they, without authority to do so, enhance plaintiffs sentence to include a term of labor.

Ohio Revised Code Section 2929.01 defines various terms in regards to a criminal defendants penalties and sentencing.

Ohio Revised Code Section 2929.01(FF) defines a "sanction" as:

> " 'Sanction' means any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense..."

Article I Section 6 of Ohio Constitution, and Thirteenth Amendment to U.S. Constitution, prohibit involuntary servitude "except as punishment of crime". Clearly, Plaintiff Blankenship did not receive a "sanction" as defined in R.C. 2929.01(FF) of a term of prison labor "as punishment for the offense", and as such, Blankenship retains his constitutional rights to remain free from involuntary servitude.

Likewise, Ohio Revised Code Section 2929.01(GG) defines a "sentence" as:

> " 'Sentence' means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to a felony."

Once again, Plaintiff Blankenship was not sentenced to a

-3-

AND SIXTY DOLLARS ($10,160.⁰⁰).

RESPECTFULLY SUBMITTED,

*Darryl Blankenship*

DARRYL BLANKENSHIP #295-771
SOUTHERN OHIO CORR. FACILITY
P. O. BOX 45699
LUCASVILLE, OHIO 45699

PLAINTIFF, PRO SE

PROOF OF SERVICE

THIS IS TO CERTIFY THAT A COPY OF THE FOREGOING WAS SERVED UPON DEFENDANTS, THROUGH COUNSEL, ROBERT C. ANGELL, ASSISTANT OHIO ATTORNEY GENERAL, 150 EAST GAY STREET, 16th FLOOR, COLUMBUS, OHIO 43215 BY REGULAR U.S. MAIL, POSTAGE PRE-PAID, BY DEPOSITING SAME IN THE OUTGOING MAIL AT THE SOUTHERN OHIO CORRECTIONAL FACILITY ON THIS 24th DAY OF NOVEMBER, 2003.

RESPECTFULLY,

*Darryl Blankenship*

DARRYL BLANKENSHIP
PLAINTIFF, PRO SE

cc: WARDEN HAVILAND, SOUTHERN OHIO CORR. FACILITY.

- 5 -