"ORIGINAL"

FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2004 FEB 18  P 2: 29

JEFFREY EBERLE, et al.,           :
    Plaintiffs,                  :
vs.                               :   Case No. C2 - 03 - 272
REGINALD WILKINSON, et al.,       :   JUDGE FROST
    Defendants.                  :   MAGISTRATE JUDGE KING

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT STEGEMOLLER
AND MR. ANGELL, COUNSEL FOR DEFENDANTS, FOR SUBMISSION OF PERJURED
ANSWERS TO INTERROGATORIES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Now come Plaintiffs, pro se, and pursuant to Federal Rule of Civil Procedure 26 (g)(3), and respectfully move this Court for SANCTIONS to be applied against Defendant Stegemoller and Mr. Angell, Counsel for Defendants, for submitting known perjured statements in answers to interrogatories. For reasons more fully set forth below in the attached memorandum, this Court should apply SANCTIONS in this matter.

MEMORANDUM

Now come Plaintiffs, pro se, and pursuant to Fed. R. Civ. P. 26 (g)(3), and respectfully move this Court for SANCTIONS to be applied against Defendant Stegemoller and Mr. Angell, Counsel for Defendants, for submitting known perjured answers to interrogatories. To wit:

On December 23, 2003, Plaintiffs submitted upon Defendant

- 1 -

Stegemoller a set of interrogatories totalling 24 in number, including all discrete subparts (Interrogatories attached hereto as exhibit "A"). On January 6, 2004, Defendant Stegemoller responded to the first 7 interrogatories, refusing to respond to the remainder, and committed perjury in his response to interrogatories number 1 (A) and (B) (Defendant Stegemoller's Answer to Plaintiff's Interrogatories attached hereto as exhibit "B").

On January 15, 2004, Plaintiffs wrote a letter to Counsel for Defendants requesting that he comply with Plaintiff's Five (5) previously filed discovery requests, and correct the perjured answers of Defendant Stegemoller (Defendants are thus far flatly refusing, with the exception of the partial answer by Defendant Stegemoller, to comply with Plaintiff's discovery requests). On January 22, 2004, Mr. Angell, Counsel for Defendants, wrote to Plaintiff Blankenship, refusing to fully comply with discovery, and making several threats against Plaintiff Blankenship if Blankenship sought to compel discovery or to raise the issue of Defendant Stegemoller's perjury (Letter of January 22, 2004 by Mr. Angell, Counsel for Defendants, attached as exhibit "C"). In this letter, Mr. Angell threatened Blankenship with a "formal complaint" for "practice of law" without authorization (Id. at 1); threatens to file a motion for protective order if Plaintiffs seek to compel discovery (an obvious abuse, and in direct opposition to the final paragraph of Fed. R. Civ. P. 37 (d))(Id. at 2); and threatens sanctions against Blankenship if he or Plaintiffs present allegations of perjury or misconduct (Id. at 3).

Plaintiffs refuse to be bullied by Defendants and their Counsel, and therefore move this Court for SANCTIONS against Defendant Stegemoller and Mr. Angell, Counsel for Defendants, for the following acts of perjury in answers to interrogatories:

In interrogatory 1 (B) Plaintiffs ask if Ohio Department of Rehabilitation and Correction or Warren Correctional Institution deem the religion of Asatru to be an unauthorized group, as defined by AR 5120-9-37 and/or ODRC Policy 302-02. Defendant Stegemoller answered "NO" to AR 5120-9-37 and answered "NO" to ODRC Policy 302-02. These answers are perjured and this was known by both Defendant Stegemoller and Counsel for Defendant. To wit:

1.  On or about March 24, 2000, Defendant Stegemoller had issued a conduct report against inmate John Miller # 199-891, and charged him with "unauthorized group activity as set forth in AR 5120-9-37" for inmate Miller's act of speaking with other inmates as to the Asatru religion. (Ironically, ODRC Policy 309-01 at V "authorizes" inmates to believe in any religion they choose, and ODRC Policy 309-01 at VI (E)(3) "authorizes" inmates to witness as to their religion - the very activity inmate Miller was severely punished for). (Conduct Report attached as exhibit "D").

2.  On or about April 21, 2000, the Rules Infraction Board found inmate Miller guilty of "Unauthorized group activity" based upon Defendant Stegemoller's issuance of the afore-said conduct report, and in the written findings found that the religion of Asatru was a "Security Threat Group" ( Rules Infraction Board Disposition is not attached as Defendants have failed to produce it pursuant to Plaintiffs Discovery requests).

3.      On October 2, 2002, Mr. Anthony Delgado, STG Investigative Coordinator for ODRC wrote Defendant Mullins a letter in reference to Plaintiff Weisheit, in which Mr. Delgado refers to the Asatru religion as an "unauthorized group". Specifically, Mr. Delgado states "Currently Asatru is an unauthorized group, as defined by 5120-9-37 (Mr. Delgado's letter of October 2, 2002 is attached hereto as exhibit "E").

4.      Mr. Angell, Counsel for Defendants, was very well aware that Defendant Stegemoller was committing perjury in his stating that the Asatru religion was not deemed an "unauthorized group", not only from the above documents, but also from statements which were presented in the original complaint in this matter and from Plaintiffs discovery requests which brought this matter to Counsel's attention. To wit:

a.) Complaint at page 15, paragraph 11, "...A perfect example of such is the April 11, 2000 'arrest' and subsequent punishment of inmate John Miller #199-891 for 'unauthorized group activity' for his merely peaceably speaking of his Asatru religion..."

b.) Complaint at page 19-22, detailing Plaintiff Weisheit's conviction for "unauthorized group activity" for Asatru religious activity.

c.) Complaint at page 34, paragraph 64 in reference to the disposition of Plaintiff Blankenship's grievance number 07-02-15, "...Again affirming that Blankenship has no religious rights as his religion is not 'recognized' nor 'authorized' by the Department of Corrections". Id. Page 34, paragraph 63; Page 36, paragraph 71-72;

- 4 -

Page 37, paragraph 73; Page 41, paragraph 85.

d.) The transcripts of Plaintiff Blankenship's Rules Infraction Board hearings which portray Defendants statements that Asatru is not a "recognized" religion (Plaintiff's have requested same on Discovery).

e.) Request for Admissions submitted upon Defendant Gary Sims, at request #10 in which it states:

> "Admit that in a letter dated October 2, 2002, from Mr. Anthony Delgado, Security Threat Group Investigative Coordinator, to Sergeant J. Mullins at Warren Correctional Institution, in regards to inmate Weisheit # 233-190, that Mr. Delgado does state 'currently Asatru is an unauthorized group, as defined by 5120-9-37'".

f.) In the Request for Interrogatories to Defendant Stegemoller itself, in which he commits said perjury, Counsel for Defendants is put on notice that said comments were indeed perjured. To wit, at interrogatory number 10 it states:

> "On or about March 24, 2000, you, Mark Stegemoller, STG Investigative Coordinator, did issue a conduct report against inmate John Miller #199-891 charging said inmate with 'Participating in unauthorized group activity'. Did you, at any time on this conduct report, state that the Asatru religion was an unauthorized group?"

(see attached exhibit "A" at page 6, interrogatory #10).

g.) Counsel for Defendants was fully aware that Defendant Stegemoller's answer to interrogatory #1(B) was perjured because, by the very definition of "UNAUTHORIZED GROUP" as defined in ODRC Policy 302-02 at section IV (A), an unauthorized group is any group that "has not been approved by the Department". Thus, unless Counsel for Defendant has a document specifically authorizing the Asatru religion, he knows the Asatru religion is deemed to be an "unauthorized group"

(see attached exhibit "A" at page 4, paragraph 7).

- 5 -

The Plaintiffs also allege that Defendant Stegemoller, with full knowlege of Counsel for Defendants, committed perjury with his answer to interrogatory number 1 (A) in which he denies the Christian Identity religion is deemed to be an "unauthorized group". Unfortunately, Plaintiffs **cannot** prove that at this time as the Defendants refuse to comply with discovery requests. Plaintiffs do reserve the right to move for sanctions for this act of perjury when discovery is received.

## CONCLUSION

For the foregoing reasons this Court should find that Defendant Stegemoller, with full knowlege of Counsel for Defendants, did commit perjury in answers to interrogatories, and should apply appropriate sanctions against Defendant Stegemoller and Mr. Angell, Counsel for Defendants.

Respectfully submitted,

David Swint    #412-852

Jeffery Weisheit    #233-190

at
Warren Correctional Inst.
P. O. Box 120
Lebanon, Ohio 45036
    Plaintiffs, pro se

Jeffrey Eberle    #364-650

Brian Mann    #351-324

David Griffith    #339-988

Darryl Blankenship    #295-771

at
Southern Ohio Corr. Facility
P. O. Box 45699
Lucasville, Ohio 45699
    Plaintiffs, pro se

## PROOF OF SERVICE

This is to certify that a copy of the foregoing was served upon Defendants, through counsel, Robert C. Angell, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 by ordinary U.S. mail, postage pre-paid on this 18th day of February, 2004.

Respectfully,

- 6 -    Jeffrey Eberle, plaintiff, pro se