IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JEFFREY EBERLE, *et al.*,

        Plaintiffs,

       vs.                               Civil Action 2:03-CV-272
                                            Judge Frost
                                            Magistrate Judge King


REGINALD A. WILKINSON, *et al.*,

        Defendants.


## OPINION AND ORDER

Plaintiffs, inmates in the custody of the State of Ohio, bring this action pursuant to 42 U.S.C. § 1983 alleging various violations of their Constitutional rights.  Plaintiffs are inmates in the custody of the Ohio Department of Rehabilitation and Correction [hereinafter "ODRC"] currently housed at various penal institutions but formerly incarcerated at the Warren Correctional Institute [hereinafter "WCI"].  The amended complaint, which incorporates the allegations contained in the original complaint and various "addendums," *see Amended Complaint,* Doc. No. 34, asserts numerous claims previously summarized in the prior orders of this Court.  *See Order* (February 20, 2004), Doc. No. 44. Those allegations and claims will not be repeated here.  This matter is before the Court on Plaintiffs' motion to compel discovery, Doc. No. 107, and Plaintiffs' motions for a preliminary injunction, Doc. Nos. 48, 112, 116, 124.

## I.      Motion to Compel Discovery

Plaintiffs allege that, on November 30, 2004, they served a request for production of documents pursuant to Fed. R. Civ. P. 34, seeking a copy of all informal complaints, responses to informal complaints, grievances, disposition of grievances, grievance appeals, and disposition of grievance appeals [hereinafter "grievance files"], initiated by each Plaintiff while they were incarcerated at WCI.  Plaintiffs allegedly renewed their request on February 3, 2005.  Plaintiffs allege that Defendants have failed to respond to these requests; they ask the Court to compel the production of their grievance files, pursuant to Fed. R. Civ. P. 37.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody, or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).  In turn, Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Fed. R. Civ. P. 26(b)(1).  "The Federal Rules of Civil Procedure authorize 'extremely broad' discovery; unless the requested information is either irrelevant or privileged it must be revealed."  *Lloyd v. Cessna Aircraft Co.*, 74 F.R.D. 518, 521 (E.D. Tenn. 1977) (quoting *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976), *cert. denied*, 430 U.S. 945 (1977)); *see also Guy v. United Healthcare Corp.*, 154 F.R.D. 172 (S.D. Ohio 1993).

On January 31, 2005, Defendants filed a motion for summary judgment, Doc. No. 99, in which they argue, *inter alia,* that the action should be dismissed for failure to exhaust administrative remedies.  Plaintiffs argue that they are unable to adequately respond to this defense unless

Defendants comply with their discovery request.  It is clear that Plaintiffs' grievance records pertain directly to a defense in this case and are therefore discoverable under Fed. R. Civ. P. 26(b).

In response, Defendants argue that they never received Plaintiffs' discovery requests.  *See* Affidavit of Philip King, at ¶¶ 5-6, attached as Exhibit A to *Defendants' Response in Opposition to Plaintiff's Motion to Compel.*  Defendants concede, however, that they did become aware of Plaintiffs' document request on February 15, 2005, when they received Plaintiffs' memorandum in opposition to Defendants' motion for summary judgment, Doc. No. 104.  However, Defendants did not, apparently, respond to the requested discovery.

Defendants instead contend that they should not be compelled to produce the grievance records because, under the procedures outlined in Ohio Admin. Code §5120-9-31(J), Plaintiffs should have already received copies of those documents.  Plaintiffs specifically allege, however, that they "do not possess copies of their grievances."  *Plaintiffs' Reply to Response in Opposition to Plaintiffs' Motion to Compel,* at p. 5, Doc. No. 111.  Under these circumstances, Defendants must respond to Plaintiffs' November 30, 2004, discovery request.  They must do so within fifteen (15) days of the date of this Order.[1]

## II.    Motions for Preliminary Injunction

Plaintiff Blankenship has filed a number of motions for interim injunctive relief, alleging that various prison regulations and policies interfere with his prosecution of this action.  Doc. Nos. 48, 112, 116, 124.  In Doc. No. 48, Plaintiff Blankenship complains of restrictions on copying services

---

[1] If, following receipt of Defendants' discovery responses, Plaintiffs conclude that further response to the motion for summary judgment is warranted, they shall file their supplemental memorandum in opposition within fifteen (15) days after receipt of these discovery responses.

at the Southern Ohio Correctional Facility.  In Doc. Nos. 112, 116 and 124, Plaintiff Blankenship

challenges the policy requiring that an inmate's personal belongings that exceed 2.4 cubic feet - even

if legal materials - be stored in a secure location outside the inmate's cell.  ODRC Policy # 61-PRP-

01; ODRC Policy # 59-LEG-01.

### A.    Standard

The decision whether or not to grant interim injunctive relief falls within the discretion of

the Court.  *Hecht Co. v. Bowles,* 321 U.S. 321 (1944).  When determining whether to grant interim

injunctive relief, a district court should consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits[2];
>
> (2) whether the movant would otherwise suffer irreparable injury;
>
> (3) whether issuance of a preliminary injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High School Athletic Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir. 1997); *Mason*

*County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).   These four considerations are

factors to be balanced, and not prerequisites that must be satisfied.  *McPherson,* 119 F.3d at 459.

Moreover, injunctive relief is an extraordinary remedy which should not be granted unless the

movant, by a clear showing, demonstrates his right to such relief. *Cincinnati Bengals, Inc. v. Bergey,*

453 F. Supp. 129 (S.D. Ohio 1974).  The Court will now separately apply these factors to Plaintiffs'

motions for interim injunctive relief.

---

[2]While the Court must determine whether there is a strong likelihood of success on the merits, this Court
does not intend to reach final decision on the merits of the case at this time.

**B.     Application**

Prisoners have a fundamental right of access to the courts under the First Amendment. *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith,* 430 U.S. 817 (1977); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).   Such access to the courts must be "adequate, effective, and meaningful." *Bounds,* 430 U.S. at 822.  Meaningful access embraces the right to adequately prepare and file the necessary legal documents. *Id.,* at 823-24; *Johnson v. Hubbard,* 698 F.2d 286, 288 (6th Cir.), *cert. denied,* 464 U.S. 917 (1983).  Restrictions on the time, place, and manner in which inmates may engage in legal research and preparation of legal papers are constitutional, however, so long as the restrictions do not unreasonably frustrate the right of access to the courts. *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985).

In order to prevail on a claim of denial of access to the courts, a plaintiff must establish that he suffered actual injury as a result of the alleged denial.  *Lewis,* 518 U.S. at 349; s*ee also Hadix v. Johnson,* 182 F.3d 400, 405 (6th Cir. 1999).  "[A]ctual injury" does not occur "without a showing that...a claim has been lost or rejected, or that the presentation of...a claim is currently being prevented." *Root v. Towers,* 238 F.3d 423 (6th Cir. 2000), citing *Lewis,* 518 U.S. at 354-56; *Pilgrim,* 92 F.3d at 416.  In other words, an inmate who claims that his right of access to the courts was denied must present evidence showing that he was actually impeded in an existing or contemplated non-frivolous legal proceeding.  *Lewis,* 518 U.S. at 351-53; *Hadix,* 182 F.3d at 406.  Where a prisoner's claim is "doomed to fail in any event" without regard to the prison official's action, the prisoner has not suffered an actual injury for purposes of his First Amendment claim. *Roberts v. Wingard,* 210 F.3d 373 (6th Cir. 2000).

In the instant case, its is unlikely that Plaintiff Blankenship can prevail on a claim of denial of access to the courts.  Plaintiffs have filed a substantive response to Defendants' motion for summary judgment.  Doc. Nos. 104, 115.[3]  Thus, it does not appear that Plaintiffs' right of access to the Court has been frustrated by reason of the challenged policies and practices.  For this reason, it is unlikely that Plaintiff Blankenship can establish a strong likelihood of success on his claim of denial of his right of access to the courts.

For similar reasons, it does not appear that Plaintiff Blankenship will suffer irreparable injury should the requests for interim injunctive relief not be granted.  Moreover, the absence of the requested injunctive relief will not harm others and the public interest would not be served by granting the requested injunctive relief under these circumstances.

Therefore, and after weighing all the relevant factors, this Court concludes that Plaintiffs' motions for interim injunctive relief are without merit.


**WHEREUPON**, Plaintiffs' motion to compel discovery, Doc. No. 107, is **GRANTED.** Defendants are **ORDERED** to respond to the discovery requests addressed in this motion within fifteen (15) days of the date of this Order.  The motions for interim injunctive relief, Doc. Nos. 48, 112, 116, and 124 are **DENIED**.


                              /s/   Gregory L. Frost                              
                                    Gregory L. Frost
                          United States District Court Judge

---

[3]To the extent that Plaintiffs have been unable to fully address the issue of exhaustion, it appears that it was Defendants' failure to respond to Plaintiffs' discovery requests, as addressed *supra,* that impeded Plaintiffs' ability to do so.