IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY EBERLE, *et al.*,
      Plaintiffs,

vs.                                Civil Action 2:03-CV-272

                                        Magistrate Judge Norah McCann King

REGINALD WILKINSON, *et al.*,
      Defendants.

**OPINION AND ORDER**

Plaintiffs, inmates in the custody of the State of Ohio, bring this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Incarcerated Persons Act, 42 U.S.C. § 2000cc *et seq.*, alleging various violations of their Constitutional rights. With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on four motions filed by various plaintiffs. Doc. Nos. 151, 156, 160, 166. The Court addresses each below.

**I.    STANDARD**

All four of the motions presently before this Court ask that sanctions be imposed upon defendants for their alleged bad faith in discovery and/or their failure to comply with this Court's discovery orders.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes a court to enter such orders "as are just" when a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b). The decision to impose sanctions, and the type of sanctions to be imposed, fall within the sound discretion of the trial court based on the facts of each particular case. *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation*

*Co.*, 842 F.2d 150, 154 (6th Cir. 1988).  Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961), and to sanction bad faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

**II.    DISCUSSION**

    **A.    Plaintiff Blankenship's Motion for Sanctions Against Mockabee and King, Doc. No. 151.**

On April 28, 2006, plaintiff Darryl Blankenship filed *Plaintiff Blankenship's Motion for Sanctions against Defendant Mockabee and Attorney King for Falsification and Frustration of the Discovery Process* ("*Blankenship's Motion for Sanctions against Defendant Mockabee and Attorney King*").  Doc. No. 151.  That motion is fully at issue.  *See* Doc. Nos. 151, 154, 155.

In this motion, plaintiff Blankenship alleges that defendant Major C.R. Mockabee and defense counsel Phillip A. King should be sanctioned "for tampering with evidence by way of falsifying claims that STG [security threat group] interview tapes of April 11, 2000, and April 18, 2000, do not exist." *Id* at 1.  Plaintiff Blankenship asks this Court to impose sanctions in the form of compensation for the "expenses entailed in attempts to obtain the records sought via discovery."  *Id.*  Specifically, this plaintiff contends that he requested certain audiotapes from defendant Mockabee, and that Mockabee, through his attorney Phillip King, represented that Mockabee was unaware that any such audiotapes currently existed.  Plaintiff Blankenship offers two unauthenticated documents to establish that defendant Mockabee and Attorney King were in fact aware that the audiotapes existed, but that they lied about the existence of those tapes.  Plaintiff Blankenship's argument is without merit.

Setting aside the fact that the proffered documents are unauthenticated, the documents simply do not establish that defendant Mockabee and/or Attorney King were deliberately untruthful on this issue. The first document, purportedly an interoffice memorandum to J. Chris Dehart from Greg Bucholtz, makes reference to "tapes of interview by STG officers, Major and inmate Blankenship . . . ." This reference, which is itself somewhat ambiguous, is contained in a document which on its face does not appear to have been made available to defendant Mockabee. It simply does not establish that defendant Mockabee was aware of the audiotapes about which plaintiff complains.

The second unauthenticated document appears to be an interoffice communication from defendant Mockabee, dated April 25, 2000, in which defendant Mockabee describes a meeting between himself and plaintiff Blankenship: "Blankenship said that he had said all he was going to say on tape and would not write a statement." This brief communication is insufficient to establish that defendant Mockabee and his counsel lied to this Court years later about the existence of the particular audiotapes at issue.

Accordingly, *Blankenship's Motion for Sanctions against Defendant Mockabee and Attorney King*, Doc. No. 151, is **DENIED**.

## B. Plaintiffs' Motion for Sanctions, Doc. No. 156.

On May 31, 2006, plaintiffs filed *Plaintiffs' Motion for Sanctions against Defendants and Counsel for Repeated Failure to Comply with Discovery as Ordered by this Court on August 17, 2005 (Doc. 129) and March 31, 2006 (Doc. 147)* ("*Plaintiffs' Motion for Sanctions*"). Doc. No. 156. That motion has been fully briefed. *See* Doc. Nos. 156, 158, 161.

In *Plaintiffs' Motion for Sanctions*, plaintiffs ask this Court to impose "severe" sanctions

3

upon defendants and to award plaintiffs $17 in connection with their repeated attempts to secure production of documents as ordered by this Court. *Plaintiffs' Motion for Sanctions* at 1-2. Plaintiffs contend that defendants failed to comply with this Court's *Order* of August 17, 2005, which ordered the production of plaintiffs' "grievance records." Doc. No. 129, at 2-3. The parties do not dispute that defendants produced all of plaintiffs' grievance files maintained at the Warren Correctional Institution ("WCI"). Plaintiffs complain, however, that grievances initiated with the Chief Inspector, and maintained in the Office of the Chief Inspector, had not been produced.

In response, defendants produced plaintiffs' grievance files maintained in the Chief Inspector's office.

Because defendants produced the additional documents promptly upon learning of the deficiency, *Plaintiffs' Motion for Sanctions*, Doc. No. 156, is **DENIED**.

    **C.**    **Plaintiff Weisheit's Motion for Sanctions, Doc. No. 160.**

On July 3, 2006, plaintiff Weisheit filed *Plaintiff Weisheit's Motion for Sanctions against Defendants and Defendants (sic) Counsel for Failing to Comply with Discovery Requests and Ignoring This Court's Order That They Do So (Document # 147)* ("*Plaintiff Weisheit's Motion for Sanctions*"). Doc. No. 160. On July 27, 2006, defendants filed a memorandum opposing the motion, Doc. No. 162, and plaintiff Weisheit has not made a reply.

In *Plaintiff's Weisheit's Motion for Sanctions*, plaintiff Weisheit contends that defendants failed to comply with this Court's directive, Doc. No. 147, at p.7, that approximately 100 videotapes relating to the mandatary substance abuse program in which Weisheit was required to participate were to be made available to Weisheit for inspection and copying. Defendants

4

maintain that the videotapes were available to plaintiff Weisheit -- and indeed to all inmates -- at the institution's recovery services program. *Declaration of Assistant Attorney General, Philip A. King* ("*King Aff.*") at ¶ 7, *Exhibit A*, Doc. No. 170. If defendants referred plaintiff Weisheit to these videotapes after this Court's order (March 31, 2006) and before plaintiff was moved to another location,[1] defendants have satisfied their discovery obligations in this regard. If these videotapes were not made available to plaintiff Weisheit before he was moved, defendants have not satisfied their obligations and must make them available to him at his present location within twenty (20) days.

*Plaintiff Weisheit's Motion for Sanctions*, Doc. No. 160, is under these circumstances, **CONDITIONALLY DENIED**.

        **D.**        **Plaintiff Blankenship's Motion for Sanctions and Contempt, Doc. No. 166.**

On October 3, 2006, plaintiff Blankenship filed *Plaintiff Blankenship's Motion for Sanctions and Finding of Contempt against Defendants and their Counsel, Philip A. King, for Failure to Fully Comply with This Court's Two Prior Orders to Release Blankensip's Mental Health Files, and Their False Assertions to the Contrary* ("*Plaintiff Blankenship's Motion for Sanctions and Contempt*"). Doc. No. 166. Subsequently, plaintiff Blankenship supplemented his motion. Doc. No. 177. *Plaintiff Blankenship's Motion for Sanctions and Contempt,* as supplemented, *see* Doc. No. 177, is now fully at issue. *See* Doc. Nos. 166, 170, 173, 174, 177, 185.

Plaintiff Blankenship complains that defendants have not yet fully complied with this

---

[1] The parties apparently agree that plaintiff Weisheit has been moved to another prison facility, but the date that he was moved is not apparent on the record.

Court's orders directing them to produce plaintiff's mental health file. Plaintiff Blankenship concedes that he has received 112 pages of documents, but contends that recent portions of his file have not been produced. Defendants assert that they produced plaintiff Blankenthip's entire mental health file through March 2004, *King Dec.* ¶ 3, and direct this plaintiff to ODRC Policy #07-ORD-11, *see Exhibit C*, Doc. No. 70, for access to more recent portions of his file. In reply, plaintiff Blankenship argues that he has requested his current mental health file pursuant to ODRC Policy #07-ORD-11, but has been denied access to those records. *Exhibit A*, Doc. No. 177.

Under the circumstances present here, *i.e.,* where defendants have produced a large number of documents, the Court concludes that an award of sanctions is unwarranted. *See Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d at 154 (imposition of sanctions within the sound discretion of the court). Accordingly, *Plaintiff Blankenship's Motion for Sanctions and Contempt*, Doc. No. 166, is **DENIED**.

However, because it appears that plaintiff has not been able to acquire the more recent portions of his mental health file from the source referred to by defendants, the Court **ORDERS** that, within 20 days, defendants supplement their production of plaintiff's mental health file by making available for inspection and copying all documents contained in it, except those that have already been produced. *See* Fed. R. Civ. P. 26(e).

**WHEREUPON**, in light of the foregoing,

    A.    *Plaintiff Blankenship's Motion for Sanctions against Defendant Mockabee and Attorney King*, Doc. No. 151, is **DENIED**;

6

B. *Plaintiffs' Motion for Sanctions*, Doc. No. 156, is **DENIED**;

C. *Plaintiff Weisheit's Motion for Sanctions*, Doc. No. 160, is **CONDITIONALLY DENIED**.  However, defendants are **ORDERED** to produce the requested videotapes to this plaintiff within twenty (20) days if they were not produced to him in the substance abuse library after March 31, 2006, but before Weisheit was moved to another prison facility.

D. *Plaintiff Blankenship's Motion for Sanctions and Contempt*, Doc. No. 166, is **DENIED**.  However, defendants are **ORDERED** to supplement their production of this plaintiff's mental health file by making available for inspection and copying all documents contained in it, except those that have already been produced, within 20 days.

The Clerk is **DIRECTED** to remove Doc. Nos. 151, 156, 160 and 166 from this Court's pending motions list.


January 29, 2007                                                          *s/Norah McCann King*
Date                                                                                    Norah McCann King
                                                                                            United States Magistrate Judge

7