IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY EBERLE,** *et al.***,**

      **Plaintiffs,**

  vs.                              **Civil Action 2:03-CV-272**
                                    **Magistrate Judge Norah McCann King**

**REGINALD WILKINSON,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

Plaintiffs, inmates in the custody of the State of Ohio, bring this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Incarcerated Persons Act, 42 U.S.C. § 2000cc *et seq.*, alleging various violations of their rights secured by the United States Constitution. Plaintiff Darryl Blankenship ("this plaintiff") has filed a renewed request for preliminary injunction, Doc. No. 163, asking that defendants be enjoined from requiring this plaintiff to work on days and at times that his Asatru religion forbids such work. Counsel has been appointed to represent this plaintiff on this claim. Doc. No. 176. Defendants have filed a motion to dismiss this plaintiff's claims for failure to exhaust or, in the alternative, to stay resolution of this plaintiff's religious claims pending resolution of a class action currently pending in this Court, *Miller v. Wilkinson, et al.,* C-2-98-275. Doc. No. 193 ("*Defendants' Motion*"). With the consent of the parties, 28 U.S.C. § 636(c), this matter is now before the Court on *Defendants' Motion,* which the Court **DENIES.**

I.      **RELEVANT BACKGROUND**

In March 2002, this plaintiff filed a request for religious accommodation with the Chaplain of the Warren Correctional Institution. *Exhibit A* and *Exhibit B* attached to *Plaintiff Blankenship's Memorandum in Opposition to Defendants' Motion to Dismiss or, in the Alternative Motion to Stay* ("*Plaintiff's Memorandum Contra*"),[1] Doc. No. 211. Plaintiff did not receive a final disposition of this request. *Exhibit A*.

On May 24, 2002, plaintiff filed a second religious accommodation request. *Id.* Defendants also failed to respond to this request. *Id.* at 2-3.

In July 2002, in an effort to obtain a response to his first two religious accommodation requests, plaintiff filed grievances pursuant to Ohio's inmate grievance procedure, Ohio Admin. Code §5120-9-31(J). *Id.* Plaintiff also made two additional religious accommodation requests on August 2, 2002, and on October 12, 2002. *Id.*

On November 7, 2002, this plaintiff received a letter from the Chief Inspector addressing his grievances but making no reply to this plaintiff's religious accommodation requests. *Exhibit D*. The letter stated:

> With the absence of a Chaplain, I find it appropriate to send your Requests for Religious Accommodation to the Regional Religious Services Administrator. I spoke with Chaplain Sims, who advised he does have some requests from you and will respond to them.

*Id.* Chaplain Sims, however, failed to respond to plaintiff's accommodation requests. *Exhibit A* at 3.

This action was filed on March 31, 2003. At that time, no response had been made to this

---

[1]All exhibits referred to herein are attached to *Plaintiff's Memorandum contra*.

2

plaintiff's religious accommodation requests filed in March, May, August and October 2002. This plaintiff filed all these requests pursuant to the Ohio Department of Rehabilitation and Correction Policy #72-REG-01, which provides an administrative remedy for inmates making religious accommodation requests and which contemplates two consecutive 14 day periods in which final disposition of the requests should be made.  *Exhibit A* at 2.  Defendants finally denied this plaintiff's religious accommodation requests on September 16, 2003, one and one-half years after the first request had been made and five and one-half months after this action was filed.  *Exhibit C*, *Exhibit E*.

## II.     DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Defendants move to dismiss this plaintiff's claims, pursuant to F.R. Civ. P. 12(b)(6), for failure to exhaust.  A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996);  *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). A claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Defendants argue that this plaintiff failed to exhaust his available administrative remedies with regard to his religious accommodation claims as is required by the Prison Litigation Reform

Act, which provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Based on the facts set forth *supra,* this Court concludes that, because prison officials failed to respond to this plaintiff's requests for accommodation and grievances prior to the institution of this action, this plaintiff's claims are not subject to dismissal for failure to exhaust. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance).    Accordingly, it does not appear beyond doubt that this plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Conley,* 355 U.S. at  45-46. As it relates to this plaintiff's alleged failure to exhaust his available administrative remedies, *Defendants' Motion* is **DENIED**.


**III.    DEFENDANTS' REQUEST TO STAY**

In seeking a stay of this plaintiff's religious claim, *Defendants' Motion* does not invoke any particular rule or precedent.  However,

> [a] district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently.  *See In re Airline Pilots Assn. v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")); *Wheelabrator Clean Water Sys. v. Old Kent Bank and Trust Co.*, No. 93-cv-1016, 1995 U.S. Dist. LEXIS 2330 at *2 (W.D. Mich. Jan 30, 1995).

> Although a district court has the power to stay proceedings, "the court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254-55). There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy. *Wheelabrator*, 1995 U.S. Dist. LEXIS 2330 at *2 (citing *Landis*, 299 U.S. at 255).

*Ferrell v. Wyeth-Ayerst Lab. Inc.*, Case No. 1:01-cv-447 2005, U.S. Dist. LEXIS 25358, *6-7 (S.D. Ohio October 24, 2005) (Beckwith, C.J.).

Defendants ask that consideration of this plaintiff's claim be stayed pending resolution of *Miller v. Wilkinson*, a class action in which this plaintiff is also a named plaintiff. Defendants note that both *Miller* and this action seek religious accommodation for adherents of the Asatru religion; defendants argue that a stay of this case in deference to *Miller* would promote judicial economy and prevent inconsistent determinations of similar or identical claims.

Plaintiff opposes the request for stay, arguing that this plaintiff "seeks religious accommodations for his personal religious exercise that are not addressed in *Miller*" and that a stay would deny this plaintiff a prompt hearing on his claim that defendants' actions are currently inflicting irreparable injury. *Plaintiff's Memorandum contra* at 4, 10-13. This plaintiff's arguments are well taken.

The plaintiff class in *Miller* seeks recognition and accommodation of the twelve Asatru holy days. *Exhibit G* at 28. However, this plaintiff seeks, *inter alia*, accommodation for individual worship time through the grant of a nearly permanent work proscription. The Court concludes that the claims in this action and those in *Miller* are not entirely coextensive and that resolution of *Miller* will not be dispositive of all claims asserted by this plaintiff in this case.

5

Thus, a stay of this plaintiff's claims in this case would not promote judicial economy to any significant degree.  Moreover, the potential hardship to this plaintiff, who is entitled to a determination of his rights without undue delay, is evident.  *See id.*  Consequently, the Court concludes that consideration of all relevant factors militates against a stay of this plaintiff's claims in this action.

      **WHEREUPON**, *Defendants' Motion*, Doc. No. 193, is **DENIED**.

      **An evidentiary hearing on this plaintiff's motion for preliminary injunction, Doc. No. 163, will be held on July 25, 2007, beginning at 9:00 a.m., in Courtroom No. 228.**  If any party concludes that a status conference prior to that hearing would be helpful, that party may request such a conference.

June 4, 2007                         *s/Norah McCann King*
                                        Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge